**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | **Case No.  15-70613-JAD** |
| | : | |
| **Clark Rentals, Inc.,** | : | **Chapter 11** |
| | : | |
| **Debtor** | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| **Clark Rentals, Inc.,** | : | |
| | : | **Doc. No. ___** |
| | : | |
| **Movant** | : | |
| | : | **Hearing Date & Time:** |
| **v.** | : | |
| | : | |
| **NO RESPONDENT** | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEBTOR'S MOTION FOR ORDER AUTHORIZING CONTINUED USAGE OF PRE-
PETITION BANK ACCOUNTS, AND REQUEST
FOR AN EXPEDITED HEARING THEREON**

COMES NOW the Debtor, Clark Rentals, Inc., by and through its proposed undersigned counsel, and does file the within Motion, upon a cause whereof the following is a statement, to wit:

1.      The Debtor, Clark Rentals, Inc., ("Debtor"), is a corporation organized and existing under the laws of the Commonwealth of  Pennsylvania which commenced the above-captioned case by filing a voluntary petition for relief pursuant to the provisions of Chapter 11 of Title 11 of the U.S. Code, 11 U.S.C. § 101, et seq., on September 2, 2015.

2.      This proceeding is a "core" proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

3.      As of the date of this filing, no creditors' committee or trustee has been appointed.

4.      Upon the filing of the above-captioned case, the Debtor became a Debtor-In-Possession with all of the duties, obligations and authority of such entities under 11 U.S.C. § 1107.

**BACKGROUND**

5.      As of the commencement of the case, the Debtor  was and continues to operate five (5) self-service car washes in Western Pennsylvania concentrating in the Blair, Cambria and Clearfield County areas.

6.      In addition to the two shareholders, the Debtor employs one (1) other individual in connection with its operation of the business.

7.      Debtor owns the real estate upon which the business is operated operating self-service automated car washes and attendant ancillary services (pay per use vacuum cleaning machines).

8.      As of the date of the petition, the business is operational and generating income, and it is the intent of the Debtor to keep the business operational and income-producing during this bankruptcy proceeding and post-confirmation to fund a Chapter 11 plan.

## SUBSTANTIVE RELIEF REQUESTED

9.      As of the commencement of this case, the Debtor maintained certain bank accounts, as follows:

| Bank Name | Acct. Type | Last 4 Digits of Acct. # |
|---|---|---|
| Northwest Savings Bank | Business checking account | Xxxxx1296 |
| First National Bank of Pennsylvania | Business checking account | Xxxx2417 |
| First Commonwealth Bank | Business checking account | Xxxx6436 |

The above-described accounts will be hereinafter referred to as the "Bank Accounts."

10.      Debtor believes that continued access to and usage of the Bank Accounts is necessary for continued business operations and is critical to the success of this reorganization.

11.      A significant portion of the Debtor's accounts payable, accounts receivable are set up for automatic payment using the Bank Accounts.  Specifically, each individual car wash location has multiple credit card access points with the funds received through credit card transactions being directly deposited into the various Bank Accounts.

12.      Generally, upon the filing of a Chapter 11 case, the Debtor is required to close its existing bank accounts and open one or more new "Debtor-In-Possession" bank accounts.

13.      Requiring the Debtor to close the Bank Accounts and open up new bank accounts would cause serious cash flow difficulties and significantly delay the receipt of receivables and the payment of payables.  Further, there would be a delay associated with opening new accounts, as well as the cost or ordering checks for the new accounts, an expense that the Debtor can ill afford at this time.

14.      Nonetheless, the Debtor recognizes the need for a clear "line of demarcation" between pre-petition and post-petition financial activity.

15.      As such, the Debtor proposes that it be permitted to continue to use the Bank Accounts subject to the following conditions:

      a.   Debtor shall create a clear break in check numbers, such that there is at least a gap of fifty (50) checks separating pre-petition from post-petition activity; and

      b.   Debtor shall write, type or stamp the title "Debtor-In-Possession Account, Bankruptcy Case No. 15-70613-JAD" on all post-petition checks.

16.     Nothing in this Motion shall be construed to permit any financial institution where any of the Bank Account(s) are maintained to set off against the Bank Account(s).

17.     It is respectfully submitted that the relief requested is in the best interests of creditors and this estate.

**WHEREFORE**, Debtor respectfully requests that the Court enter an Order authorizing its continued usage of the Bank Accounts pursuant to the terms and conditions set forth above.

## REQUEST FOR EXPEDITED HEARING

18.     The Debtor requests that the Court consider the instant Motion on an expedited basis, with the hearing to be held as soon as suits the convenience of the Court.

19.     An expedited hearing is necessary to avoid immediate and irreparable harm to the estate, as more fully explained above.

20.     Accordingly, the Debtor respectfully submits that cause for an expedited preliminary hearing exists.

21.     The need for an expedited preliminary hearing has not been caused by any lack of due diligence on the part of the Debtor or its counsel, but arises solely due to circumstances beyond their control.

**WHEREFORE**, Debtor respectfully requests that the Court consider Debtor's request for an order authorizing the usage of its pre-petition bank accounts and, it does authorize its undersigned counsel to file the within Motion on its behalf.

Respectfully submitted,

SPENCE, CUSTER, SAYLOR,
WOLFE & ROSE, L.L.C.

By:    */s/ Kevin J. Petak,*
        James R. Walsh, Esquire
        Pa. ID. # 27901
        Kevin J. Petak, Esquire
        Pa. ID. # 92154
        400 Ameriserv Financial Building
        P.O. Box 280

Johnstown, PA  15907
JWalsh@spencecuster.com
KPetak@spencecuster.com
Proposed Counsel for Debtor-In-Possession